UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHADIJE ZEORT

        Plaintiff,                                  Case No. 21-

v.                                                       Hon.

CITY OF DEARBORN

        Defendants
_____

**NICHOLAS ROUMEL (P37056)**
**NACHT & ROUMEL, P.C.**
Attorney for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
*(734) 663-7550*
nroumel@nachtlaw.com

_____

**COMPLAINT AND JURY DEMAND**

Plaintiff states her complaint as follows:

**Parties/Jurisdiction/Venue**

1. Plaintiff Khadije "Kady" Zeort ("Ms. Zeort") a female who resides in Ann Arbor, Washtenaw County, Michigan.

2. Defendant City of Dearborn ("the City") is a city in Wayne County, Michigan, and Plaintiff's former employer.

3. Defendant M. Yunus Patel ["Mr. Patel"] was, at all times relevant, the City Engineer, and Plaintiff's supervisor.

4. The events described in this lawsuit occurred in Wayne County, Michigan.

5. The jurisdiction of this court is invoked pursuant to Title I of the Americans with Disabilities Act ["ADA," 42 USC §12101 *et seq*], Section 504 of the Rehabilitation Act of 1973 ["Section 504," 29 USC 701 *et seq.*], and the Michigan Persons with Disability Civil Rights Act ["PWDCRA," MCL §37.1101 *et seq.*]

6. Jurisdiction to grant injunctive and declaratory equitable relief as well as damages is invoked pursuant to the Acts cited above as well as *Ex Parte Young,* 209 U.S. 123 (1908) pursuant to Plaintiff's request for prospective injunctive relief.

7. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the events giving rise to Plaintiff's claims took place and where Defendant regularly conducts business.

8. Plaintiff has exhausted her administrative remedies by filing a charge with the Equal Employment Opportunity Commission ["EEOC"] on or about November 2, 2020, alleging disability discrimination and retaliation.

9. After the EEOC completed processing the charge, they sent Ms. Zeort a "Right to Sue" letter, dated March 1, 2021, and received by Plaintiff on or after March 5, 2021.

10. Plaintiff has timely filed this lawsuit, also generally alleging disability discrimination and retaliation.

## GENERAL ALLEGATIONS

11. Khadije Zeort possesses a Bachelor's Degree in civil engineering, with additional education and training in environmental engineering, Computer Aided Design (CAD), and Geospatial Information Systems (GIS). She has extensive work experience as a civil engineer, an Auto CAD Technician, and an Auto CAD Designer.

12. After taking time off to raise her children, she was hired by Defendant City of Dearborn. She began working for the City on or about October 31, 2016 as a part-time Program Coordinator/CAD Designer (approximately 28 hours per week).

13. Her duties included Auto CAD design for multiple combined sewer overflow projects, GIS review, interpretation, and data entry for public utilities, and similar work related to other public works. At all times she performed her job commendably.

14. Ms. Zeort is a person with a disability. She is a chronic asthma sufferer, which put her in a high-risk health category during the COVID-19 pandemic as an immunocompromised individual.

15. During the COVID-19 pandemic, she was assigned to work remotely, and did so from home, without incident or undue hardship to the Defendant, from March 18 through June 15, 2020.

16. In early June, the Defendant advised Ms. Zeort that she would be required to resume working at the office.

17. In response, on June 5, 2020, Ms. Zeort presented a doctor's note recommending that she work remotely for the next six months.

18. On June 8, Human Resources asked that Ms. Zeort's physician provide "clarification" of that note.

19. Accordingly, on June 16, 2020, Ms. Zeort presented a new letter from her physician, which stated in relevant part:

> Kady Zeort has a diagnosis of mild intermittent asthma. Her symptoms include rapid breathing, SOB [shortness of breath), tachycardia and hypertension. The duration is to be determined. Please accommodate Kady so she may work from home for the next six months.

20. However, when she presented the letter to her supervisor Mr. Patel, he dismissed it, saying, "We all have health issues," and "Doctors give letters all the time."

21.  As such on June 23, 2020, Mr. Patel wrote a letter stating that although "You have been a valued employee of the engineering division as a part-time CAD designer[, I]n order to operate the functions of the engineering division and carry out the essential functions of your position as a CAD Designer you need to work from the office."

22.  Mr. Patel's statement regarding the essential function of Ms. Zeort's position was not true. In performing her duties over the course of her three-plus years of employment, Ms. Zeort had virtually no interaction with the public, whether in person or by telephone, and no interactions with her co-workers that could not be just as effectively performed by email, telephone, or other remote means.

23.  Nonetheless, Mr. Patel issued an ultimatum, in a letter of June 23, 2020, that Ms. Zeort must report to the office "to perform City business" by Monday, June 29, 2020, or that the City would fill her position with another employee, at which time she would have the opportunity to return to work or face immediate dismissal.

24.  As Ms. Zeort was unwilling to risk her health by working in person, she did not report to work on June 29, and was placed on leave without pay. She remained willing to work remotely and fulfill the essential functions of her position.

25.  The Defendants nonetheless kept Ms. Zeort on unpaid leave, and filled her position. They notified her on August 12 that they had done so, and as stated in

Mr. Patel's previous correspondence, they gave her the opportunity to resume work, in-person at City offices, to reclaim her position.

26. As Ms. Zeort remained unwilling to risk her health by reporting in person, she declined the opportunity afforded by Defendants, and she was dismissed effective August 20, 2020, by letter of that date from James Murray, the Director of Public Works.

27. Ms. Zeort was replaced by a person who did not have a disability.

## COUNT I: AMERICANS WITH DISABILITIES ACT
### (Defendant City of Dearborn)

28. At all relevant times, Plaintiff was a "qualified individual with a disability" within the meaning of the Americans with Disabilities Act of 1990, (42 USC § 12101 et seq., "the ADA"), as she had physical and/or mental impairments that substantially limited her in the performance of major life activities, as set forth above, and/or was perceived as having a disability.

29. Plaintiff was otherwise qualified to perform the essential functions of her job with or without reasonable accommodation.

30. Plaintiff made requests for a reasonable accommodation as set forth above, and it was denied.

31. Defendant City of Dearborn did not engage in the interactive process, nor otherwise justify why they could no longer accommodate Plaintiff; such accommodations would not have been unduly burdensome to Defendant.

32. Instead, the City issued an ultimatum that Ms. Zeort return, even though there was no material change of circumstance from the time she was permitted to work from home, and no undue burden on the City for her to continue to do so.

33. Defendant City of Dearborn is an employer within the meaning of the Americans with Disabilities Act.

34. This Defendant was well aware of Plaintiff's disability.

35. Defendant City failed to accommodate Plaintiff in violation of the ADA, and otherwise subjected Plaintiff to an adverse employment action based on her disability as described above, placing her on unpaid leave, and ultimately terminating her from her position.

36. As a result, Plaintiff was harmed, and continues to be harmed, in that she has suffered economic and non-economic loss, including but not limited to, lost wages, damage to her professional reputation, emotional distress, outrage and humiliation.

37. Under the ADA, an aggrieved person may be entitled to compensatory damages, injunctive relief, and attorney fees.

## COUNT II: MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (Both Defendants)

38. At all times relevant, Plaintiff was an employee under the Michigan Persons with Disability Civil Rights Act (MCL §37.1101, *et seq.*, the "PWDCRA").

39. Defendant City was an employer under the PWDCRA, and Defendant Patel an agent of such employer.

40. At all times relevant, Plaintiff had a disability within the meaning the PWDCRA and/or was a person who was perceived as having a disability.

41. Plaintiff was able to perform her job with or without reasonable accommodations, and did perform satisfactorily.

42. Plaintiff's disability was unrelated to her ability to perform the duties of her job.

43. Defendants discriminated against Plaintiff on the basis of her disability, ultimately terminating her.

44. As a result, Plaintiff was harmed, and continues to be harmed, in that she has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

45. Under the PWDCRA, an aggrieved person may be entitled to compensatory damages, injunctive relief, and attorney fees.

## COUNT III: VIOLATION OF SECTION 504
### (Defendant City of Dearborn)

46. At all relevant times, Plaintiff had a disability and/or was perceived to have a disability within the meaning of Section 504 of the Rehabilitation Act of 1973 (29 USC § 1701 *et seq.*, "Section 504").

47. Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodation.

48. Defendant's decision to discharge Plaintiff was motivated in substantial part by Plaintiff's disability.

49. As a result, Plaintiff was harmed, and continues to be harmed, in that she has suffered economic and non-economic loss, including but not limited to, lost wages, damage to professional reputation, emotional distress, outrage and humiliation.

50. Under Section 504, an aggrieved person may be entitled to compensatory damages, injunctive relief, and attorney fees.

### JURY DEMAND

Plaintiff demands a jury trial on all counts.

### RELIEF REQUESTED

*W H E R E F O R E,* Plaintiff respectfully requests that this Court award her damages in an amount to be determined at trial together with costs, interest,

attorney's fees, statutory penalties, prospective, equitable, and injunctive relief and any other relief that this Honorable Court deems just and proper.

                                                                Respectfully submitted,
                                                                NACHT & ROUMEL, P.C.

                                                                *s/ Nicholas Roumel*

                                                                Nicholas Roumel (P37056)
                                                                Attorney for Plaintiff
                                                                101 N. Main Street, Ste. 555
                                                                Ann Arbor, MI 48104
                                                                (734) 663-7550

May 25, 2021                                        *nroumel@nachtlaw.com*